2
AUSA

FILED
NOV 2 7 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Mag. Case No. '07 MJ 8950 |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR VIOLATION OF: |
| | ) | |
| v. | ) | Title 8, U.S.C., Section 1324 (a)(1)(A)(ii) |
| | ) | Illegal Transportation of Aliens |
| Ignacio CARPENA-Espinoza, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The undersigned complainant, being duly sworn, states:

On or about November 25, 2007, within the Southern District of California, defendant Ignacio CARPENA-Espinoza , with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, Elizabeth SANCHEZ-Blanco, Ricardo Cruz SOLIS-Monjarras, and Francisco PEREZ-Cortez, had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Senior Patrol Agent

SWORN TO BEFORE AND SUBSCRIBED IN MY PRESENCE THIS 27th DAY OF NOVEMBER 2007.

PETER C. LEWIS
United States Magistrate Judge

UNITED STATES OF AMERICA
v.
Ignacio CARPENA-Espinoza

STATEMENT OF FACTS

The complainant states that this complaint is based upon statements in the investigative reports by the apprehending agents, Border Patrol Agents R. Demara and C. Marshall, that on November 25, 2007, Ignacio CARPENA-Espinoza, an illegal alien, was apprehended near Calexico, California, as the driver of a burgundy 1997 Plymouth Breeze, as he smuggled (6) six undocumented aliens from Mexico, in violation of law.

On November 25, 2007, at approximately 6:00 p.m. Agent Marshall, who was assigned to the All Terrain Unit (ATV), observed a dark colored four-door sedan drive north across the United States/Mexico International Boundary Line. Agent Marshall advised Agent Demara of his observations. As Agent Demara responded to the area, Agent Demara observed a vehicle that matched the description of the dark colored four-door sedan. Agent Demara followed the vehicle as it merged onto the westbound lanes of Interstate 8. Agent Demara continued following the vehicle and was able to observe several passengers attempting to conceal themselves by ducking down. Agent Demara drove along side the Plymouth and was able to clearly observe the driver, later identified as Ignacio CARPENA-Espinoza.

Using the emergency lights and sirens, Agents Demara attempted to perform a vehicle stop. The driver of the Plymouth Breeze refused to yield and continued traveling westbound on Interstate 8. Agent Whitten who was positioned further west on Interstate 8 of the westbound lanes successfully deployed the Controlled Tire Deflation Device (CTDD). CARPENA reduced his speed and pulled onto the shoulder of the westbound lanes of Interstate 8.

Agent Demara approached the Plymouth and identified himself as a United States Border Patrol Agent to CARPENA and the six passengers. Agent Demara conducted a brief interview with CARPENA and the six passengers. CARPENA and the six passengers claimed to be citizens of Mexico without any immigration documents that would allow them to be in, work, or remain in the United States legally. CARPENA and the six passengers were arrested and transported to the Calexico Border Patrol Station for further processing.

At the station, CARPENA was advised of his Miranda rights by Agent Demara and witnessed by Agent Battaglini. CARPENA acknowledged understanding his rights and was willing to answer any questions without an attorney present. CARPENA admitted to being a citizen and national of Mexico who illegally entered the United States and is not in possession of any immigration documents that would allow him to remain in, reside, or work in the United States legally. CARPENA also admitted to being previously deported from the United States. CARPENA added that he made arrangements with an unknown smuggler to be smuggled into the United States for a fee of $500.00 if CARPENA drove the vehicle. CARPENA stated he drove the Plymouth Breeze and was receiving instructions from the smuggler that was in another vehicle south of the Imperial Sand Dunes. CARPENA stated that he was aware that a border patrol vehicle was behind him. CARPENA said that he failed to stop because he was nervous and didn't want to get caught.

Material Witnesses Francisco PEREZ-Cortez, Ricardo Cruz SOLIS-Monjaras, and Elizabeth SANCHEZ-Blanco, stated they are citizens of Mexico without immigration documents that would allow them to remain in the United States legally. SOLIS stated he made arrangements to pay $2,000.00 to be smuggled into the United States. PEREZ and SANCHEZ made the arrangement to be smuggled into the United States for an unknown fee. Francisco PEREZ-Cortez, Ricardo Cruz SOLIS-Monjaras, and Elizabeth SANCHEZ-Blanco, stated they crossed illegally aboard a vehicle and driving across the United States/Mexico International border.

PEREZ and SANCHEZ were shown a six-pack photo lineup. They both positively identified CARPENA as the driver of the Plymouth Breeze they were being smuggled in.

The complainant states that the names of the Material Witnesses are as follows:

| **NAME** | **PLACE OF BIRTH** |
|---|---|
| Francisco PEREZ-Cortez | Mexico |
| Ricardo Cruz SOLIS-Monjaras | Mexico |
| Elizabeth SANCHEZ-Blanco | Mexico |

Further, complainant states that Francisco PEREZ-Cortez, Ricardo Cruz SOLIS-Monjaras, and Elizabeth SANCHEZ-Blanco, are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.